The **WILLIAMS ISLAND SYNAGOGUE, INC.,** Plaintiff,

v.

**CITY OF AVENTURA and 2600 Island Boulevard Condominium Association, Inc.,** Defendants.

No. 04–20257–CIV.

United States District Court, S.D. Florida.

July 7, 2004.

Lawrence R. Metsch, Metsch & Metsch, P.A., Miami, FL, for plaintiff.

Harriet R. Lewis, Weiss, Serota, Helfman, Pastoriza, Guedes, Cole & Boniske, P.A., Fort Lauderdale, FL, John K. Shubin, Ava R. Borrasso, Shubin & Bass, P.A., Miami, FL, for defendants.

### ORDER DENYING 2600 ISLAND BOULE-VARD CONDOMINIUM ASSOCIA-TION, INC.'S UNOPPOSED MOTION TO INTERVENE

UNGARO–BENAGES, District Judge.

THIS CAUSE came before the court upon Nonparty 2600 Island Boulevard Condominium Association, Inc.'s ("the 2600 Association's") Unopposed Motion to Intervene, filed June 22, 2004.

THE COURT has considered the motion, the pertinent portions of the record and is otherwise fully advised in the premises. On February 3, 2004, Plaintiff filed a two-count complaint stating claims under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc et seq., and the Florida Religious Freedom Restoration Act of 1998 ("RFRA"), Fla. Stat. § 761. This complaint, in pertinent part, seeks equitable relief in the form of an injunction requiring Defendant City of Aventura ("Defendant") to issue a conditional use permit authorizing Plaintiff to use for religious purposes the ground floor level of a parking garage adjacent to the condominium building in which the 2600 Association is located.

The 2600 Association now seeks to intervene, alternatively as of right or with the Court's permission, as a defendant in this action pursuant to Federal Rule of Civil Procedure 24, which provides in pertinent part:

(a) **Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(b) **Permissive Intervention.** Upon timely application anyone may be permitted to intervene in an action: ... (2) when an applicant's claim or defense and the

main action have a question of law or fact in common.

The Court accepts for present purposes that this motion is timely, but finds for the following reasons that the 2600 Association may not intervene as of right because it has failed to establish the remaining elements of Rule 24(a). For the same reasons, while permissive intervention pursuant to Rule 24(b) is appropriate, such intervention shall be limited by the scope of Plaintiff's claims against Defendant.

■ Before proceeding, the Court shall identify the parties' respective interests and the property or transaction which is the subject of this action. RLUIPA provides that *"[n]o government* shall impose or implement a land use regulation in a manner that imposes a substantial burden on the religious exercise of a . . . religious assembly or institution, unless the government demonstrates that imposition . . . is in furtherance of a compelling governmental interest; and is the lease restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc(a)(1) (emphasis added). Separately, the statute prohibits state and municipal governments from "implement[ing] a land use regulation in a manner that treats a religious assembly or institution on less than equal terms with a nonreligious assembly or institution." 42 U.S.C. § 2000cc(b)(1). Plaintiff claims that Defendant violated subsection (a)(1) through its zoning decision to deny Plaintiff's request for a permit to operate a synagogue in the disputed location, and claims separately that Defendant violated subsection (b)(1) through its preferential zoning treatment of the 2600 Association under comparable circumstances. Defendant responds that its decision-making process conformed with the requirements of RLUIPA. This background makes clear two points. First, RLUIPA, by its terms, imposes obligations on, and creates a cause of action against, governmental entities exclusively; private actors such as the 2600 Association are incapable of violating the statute. Second, the narrow issue raised by Plaintiff's complaint is whether Defendant's decision-making process violated the requirements imposed by RLUIPA vis-a-vis Plaintiff and other nonreligious comparators such as the 2600 Association.

In explaining its interest in this litigation, the 2600 Association alleges, and Plaintiff does not disagree, that allowing Plaintiff to conduct religious services at the disputed location will require members of Plaintiff's congregation to pass through property owned by the 2600 Association, may occupy parking spaces common to members of the 2600 Association and will otherwise complicate ingress and egress from the 2600 Association's property. While this factual statement may or may not be accurate, Plaintiff's complaint poses the narrower legal question of Defendant's compliance with RLUIPA. To the extent that Defendant answers that its zoning decisions were made in compliance with the statute and the 2600 Association now seeks to defend the ultimate decision to deny Plaintiff's application for a variance, the 2600 Association's interest in this litigation is limited to the proposition that Plaintiff cannot prove that Defendant has violated RLUIPA.

■ The 2600 Association argues that it should be allowed to intervene pursuant to Rule 24(a) because its interests are not adequately represented by Defendant, which "may agree to settle its issues with [Plaintiff] for political purposes or for economic reasons." 2600 Island Boulevard Condominium Association's Unopposed Motion to Intervene, at 10. The Court finds that this speculative argument fails to demonstrate that intervention under Rule 21(a) is warranted. The Eleventh Circuit has explained that it is " 'presume[d] that a proposed intervenor's interest is adequately represented when an existing party pursues the same ultimate objective as the party seeking intervention.' " *United States v. Georgia,* 19 F.3d 1388, 1394 (11th Cir.1994) (quoting *FSLIC v. Falls Chase Special Taxing District,* 983 F.2d 211, 215 (11th Cir.1993)). *See also United States v. City of Miami,* 278 F.3d 1174, 1178 (11th Cir.2002) (holding that a party seeking to intervene pursuant to Rule 24(a) "must overcome a presumption—that it is adequately represented—that arises 'when applicants for intervention seek to achieve the same objectives as an existing party in the case' ")

(quoting *Meek v. Metropolitan Dade County*, 985 F.2d 1471, 1477 (11th Cir.1993)). As limited by the substantive claims asserted in Plaintiff's complaint, the 2600 Association's objective through intervention in this litigation is to establish that Defendant's denial of Plaintiff's application for a conditional use permit conformed with the requirements imposed by RLUIPA. This interest coincides exactly with Defendant's own interest in defending its decision-making process. The Court finds the speculative argument that Defendant may choose to settle this litigation at some undetermined time in the future for political purposes is insufficient to overcome the presumption that the 2600 Association's interests are now adequately represented by Defendant because the Court concludes that the two share an identical "ultimate objective" in this litigation.

█ For this reason, the Court finds that the 2600 Association has not established that it may intervene as of right pursuant to Rule 24(a), and considers now the 2600 Association's motion for permissive intervention pursuant to Rule 24(b). Conceptually, it is unclear how the 2600 Association may intervene as a defendant in this action because Plaintiff has alleged a violation of RLUIPA, and the obligations imposed by this statute do not apply to private actors. The 2600 Association argues that it "has a stake in the outcome of this litigation" because, under one scenario, the entry of an injunction requiring Defendant to issue a conditional use permit may affect the 2600 Association's property interests adversely as a result of the operation of a synagogue in the disputed location. For this reason, the 2600 Association seeks to intervene in favor of the status quo—the denial of Plaintiff's application for a conditional use permit—on the question of Defendant's compliance with RLUIPA. However, as discussed above, Plaintiff has stated claims under two statutes whose terms explicitly apply only to governmental actors. Notwithstanding the 2600 Association's stake in the outcome of this litigation, it simply cannot intervene as a defendant in an action

where the Plaintiff is seeking declaratory and injunctive relief regarding a municipality's alleged violation of the mandates imposed by RLUIPA and RFRA.

For these reasons, it is hereby

ORDERED AND ADJUDGED that Nonparty 2600 Island Boulevard Condominium Association, Inc.'s Unopposed Motion to Intervene is DENIED.